■ THELMA P. HARDY, as Administratrix of the Estate of EDWARD HARDY, Deceased, Respondent, v. UNITED ROOFING AND WATERPROOFING CORPORATION, Defendant, and CONCRETE PLANK Co., INC., Appellant.— Judgment reversed, on the law and on the facts, with $50 costs to appellant. Plaintiff's intestate was a bricklayer employed by Caristo Construction Corp., the general contractors building the Northeast Queens High School. The roof of the auditorium consisted of concrete planks and had been installed by defendant-appellant Concrete Plank Co. Sometime in June or July, after the installation was complete and this defendant had left the job, inspectors from the Board of Education complained that the insulating material which was applied to the undersurface of the planks was not adhering to the planks. Whether the application was a part of this defendant's contract does not appear definitely in the proof. In any event, defendant was requested to take part in an inspection by the Board of Education and Caristo. In the course of the inspection defendant was required to, and did, remove certain of the concrete planks for the purpose of inspecting the application of the insulating material. After the inspection on the roof, no definite conclusion was reached as to what would be done. Neither Caristo nor anyone else directed defendant to replace the plank that was removed or to do anything with regard to it pending decision as to what was to be done. Meanwhile, one of Caristo's men placed a board plank across the opening created. About a month later the accident occurred. Taking the testimony most favorable to the plaintiff, some unidentified person removed the plank and covered the opening with tar paper. Plaintiff stepped into the opening and was injured. (Concededly his death prior to the trial was not attributable to this accident.) We are unable to see that defendant was guilty of any negligence. Again giving the plaintiff the most favorable interpretation that the testimony will permit, while the actual opening was made by defendant's employees, it was not created in the course of their work but in the course of an inspection conducted by the owner and the general contractor, and at the direction of these two. Defendant was not directed to replace the plank and, for all that appears, it was not desired that it do so. In fact, it appears that until a decision was reached, it might be impractical to do so. Caristo was at all times aware of the condition and that a decision would not be reached for some time. It was Caristo's duty to provide a safe place for its workmen and the duty of protecting the opening fell upon it. Defendant had, under the circumstances, no duty, and was guilty of no negligence. Concur — Botein, P. J., McNally and Steuer, JJ.; Valente and Stevens, JJ., dissent in the following memorandum: We dissent and vote to affirm. In our view there is sufficient evidence in the record from which the jury could find that appellant removed a concrete plank thereby creating a dangerous condition and that it permitted such opening to remain unguarded pending appellant's return to the job to correct the defective work. The jury could further find that such condition proximately caused the accident. The uncontradicted testimony of Shapiro and the communications were sufficient to raise questions of fact warranting submission of the issues to the jury.